UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| GWEN COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANASTAZJA OZAROWSKI | ) | Case No. __3:17-cv-696__ |
| | ) | |
| Serve: Anastazja Ozarowski | ) | |
| 110 West 4th Street | ) | |
| Clifton, NJ 07011 | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Gwen Cole, by counsel, brings this Verified Complaint against Defendant, Anastazja Ozarowski, stating as follows:

## PARTIES

1.  Plaintiff Gwen Cole is a citizen and resident of Richmond, Virginia.

2.  Upon information and belief, Defendant Anastazja Ozarowski is a citizen and resident of Clifton, New Jersey.

## JURISDICTION AND VENUE

3.  This is a civil action seeking injunctive relief, damages and costs, including attorney's fees, for copyright infringement under the Copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, as well as a declaration of Plaintiff's exclusive copyright interest in the work at issue pursuant to 28 U.S.C. § 2201.

4.  This Court has original and exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action raises a federal question arising under

THE CREEKMORE
LAW FIRM PC

00170055.DOC

the laws of the United States, namely, the Copyright Act, 17 U.S.C. § 101 *et seq.*, and pursuant

to 28 U.S.C. § 2201 inasmuch as this action seeks a declaration of Plaintiff's superior right, title

and interest in the underlying work that is the subject matter of this dispute.

5.   Defendant Ozarowski is subject to personal jurisdiction in this Court because the

conduct giving rise to this action occurred through Defendant's purposeful and substantial acts

of infringement in and through interstate retail commerce directed to, and that actually have

reached, Virginia, and which knowingly and purposefully caused substantial injury to Plaintiff

and her business and property interests in Virginia, which damages and injuries to Plaintiff are

continuing today.  As such, Defendant is within the reach of Virginia's long-arm statute, Va.

Code § 8.01-328.1.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because all of

Plaintiff's property interests that are the subject of this suit and against which Defendant's acts

of infringement have occurred are situated in this District and because Defendant purposefully

directed her acts of infringement in and through interstate retail commerce that actually have

reached this District and that have caused Plaintiff harm in this District.

## COUNT I – COPYRIGHT INFRINGEMENT

7.   Plaintiff incorporates by reference the allegations in the preceding paragraphs.

8.   Plaintiff is an author of manuscripts, books and novels for young adults.

9.   Plaintiff is the sole and exclusive author, creator and owner of a manuscript (the

"Manuscript") entitled "Windswept," which Plaintiff completed on or about May 7, 2011.  The

Manuscript is an original, fictional work of creative authorship of Plaintiff, conceived and

developed entirely and exclusively by Plaintiff.

THE CREEKMORE
LAW FIRM PC

10. The Manuscript is the subject of Certificate of Copyright Registration No. TXu 2-027-593, issued by the United States Copyright Office with a registration date of April 11, 2017. (Ex. A.)

11. In early January, 2011, Plaintiff first published a preliminary draft of the Manuscript to a publicly accessible writer's website named inkpop.com.  Although no longer available on the Internet due to that company's sale or transfer of interest, an interview of Plaintiff was published on line on January 17, 2011, at https://inkpop.wordpress.com/2011/01/17/inkpopper-of-the-week-wildgreenskittle/, within which interview Plaintiff references the Manuscript: "I've had my book Windswept up on public for a few weeks now and I've got a lot of great feedback from it. So I'm hoping I'll be able to focus more on that once I finish my other goals first."  The interviewer then reaffirms the presence of the Manuscript on line: "You have two other projects on inkpop at the moment – Sunlight and Windswept."

12. On May 7, 2011, Plaintiff completed a revised draft of the Manuscript and, on or about that same date, uploaded the revised draft of the Manuscript to inkpop.com, from which it was published, distributed and/or made available to the public readership on that website.

13. Shortly thereafter, inkpop.com notified Plaintiff that the Manuscript was selected by its readers as one of the top five most popular works for May, for which it was designated by inkpop.com as a "May 2011 Top Pick!" at https://inkpop.wordpress.com/2011/06/01/may-2011-top-picks/.

14. On May 21, 2012, Plaintiff published, distributed and/or made a final version of the Manuscript available to the public readership on another writer's website named www.wattpad.com, and more specifically at https://www.wattpad.com/story/1383487-

windswept.   That publication by Plaintiff was verified previously by a Wattpad "Trust and Security Lead."  (Ex. B.)

15. The Manuscript has both intrinsic value and commercial value to Plaintiff inasmuch as the Manuscript reflects Plaintiff's own individual creative writing and authorship; the Manuscript has found favor with Plaintiff's readership and those who follow Plaintiff's work; and the Manuscript has enhanced Plaintiff's standing and perception as an author and creative writer.  Because of the Manuscript's online success, Plaintiff has intended to commercially publish, distribute and sell the Manuscript for financial gain.

16. In 2016, when Plaintiff undertook steps to secure commercial publication and distribution of the Manuscript for sale as a novel for young adults, Plaintiff discovered that, without Plaintiff's knowledge, consent or permission, Defendant previously had obtained a Certificate of Copyright Registration No. TX 000-7748-768, issued by the United States Copyright Office on July 17, 2013, for a substantially similar, if not identical, replication of the Manuscript, as Defendant's own work of authorship under the same or substantially identical name, "Windswept" (the "Infringing Work") and claiming a 2013 year of creation and a date of first publication of May 30, 2013.  (Ex. C.)

17. Defendant's Certificate of Copyright Registration for the Infringing Work has presented a barrier to Plaintiff's own commercial publication of the Manuscript through a recognized publisher in the industry.

18. Upon information and belief, Defendant created the Infringing Work by copying or otherwise reproducing the Manuscript from either the Wattpad or inkpop website, as those were the only publicly available repositories of the Manuscript through 2013 when Defendant allegedly created the Infringing Work.

THE CREEKMORE
LAW FIRM PC

19. On further investigation, Plaintiff discovered that Defendant has published, distributed, made available for sale and sold the Infringing Work under her own name as author and creator through multiple commercial channels, on the Internet and otherwise, including in Virginia and this District, (*see, e.g.*, Ex. D), all of which acts have inured to Defendant's financial gain and profit and to the corresponding detriment, financial harm and disadvantage of Plaintiff.

20. On August 15, 2017, Plaintiff discovered the Infringing Work available for sale on eBay through Grand Eagle Retail (Ex. E) and purchased a paperback copy from her home in Richmond, Virginia, which was delivered to her home in Richmond, Virginia, on August 19, 2017.  (Ex. F.)

21. A true and accurate photograph of the front and back covers of the Infringing Work, as well as the Copyright page inside the front cover, is attached.  (Ex. G.)

22. Also on August 15, 2017, Plaintiff discovered the Infringing Work available for sale on Amazon (Ex. H), following which Plaintiff purchased for download a digital Kindle version from her home in Richmond, Virginia.  (Ex. I.)

23. The digital version of the Infringing Work reflects a most recent Revision Date of March 27, 2017. (Ex. J.)

24. A side-by-side comparison of the Infringing Work to the Manuscript reflects that nearly every passage of the Infringing Work is identical to its counterpart in the Manuscript, with the entirety of Plaintiff's text simply having been copied into the Infringing Work. (*See, e.g.,* Ex. K, comparing the first several pages of text of both the first and final chapters of both works, side-by-side.)

THE CREEKMORE
LAW FIRM PC

25. The Infringing Work also contains an Epilogue that is absent from the current version of Plaintiff's Manuscript that is now available on the Internet. That Epilogue, however, is a near identical copy of the Epilogue that Plaintiff authored and that appeared in an earlier version of the Manuscript published on line during 2011 and 2012, prior to Defendant's production of the Infringing Work. A comparison of passages from the two Epilogues reveals that they are virtually identical. (Ex. L.)

26. Plaintiff is undoubtedly the author of the Manuscript. Plaintiff's most recently published work, entitled *Cold Summer*, reflects a writing style, syntax, diction and compositional structure like that of the Manuscript that evidences common authorship of the two. (*See, e.g.,* Ex. M.)

27. In sharp contrast, Defendant's own story synopsis and auto-biographical author's statement that appear on the back cover of the Infringing Work (Ex. G at 2) clearly illustrate that Defendant lacks an overall mastery of the language and prose writing style used throughout the Infringing Work to actually have authored the Infringing Work.

28. Those two selections of Defendant's own writing read, verbatim, as follows:

Reed was always the one to stay in the shadows. To stay out of people's way because they just never noticed him. At first he thought it was for the best since he wasn't exactly … normal. But deep down inside it bothers him to no end. Enter Sam. Sam is normal at least that's what she thought and so did Reed. But, even when he did think she was like everybody else there something about her that had him hooked. Yet in all honesty the pretty girl from the subway should really be the last thing on his mind. With the fact that he's a Drifter, he's homeless, fights illegally for money, oh and has about every Slider out there wanting to murder him. The joys of being Reed.

My name is Anastazja Ozarowski and I'm 14 years old. I live in New Jersey with my mom, dad, and older brother. I'm in the eighth grade and I like to write. I always have had a big imagination and writing is my way of expressing everything. My family background comes from Poland where my grandmother from my mom's side lives. I love her very much. At home I have two pets a dog and a cat. I care for them both very much. Actually I love all animals in general.

The Creekmore Law Firm pc

I also like sports and singing. The main sport I play is Tae Kwon Do and I love it there everyone's like a second family. I like to sing because it's a great way to let out pent up emotions. But, I hate singing in front of people even when they say I'm good. I guess I have stage fright. Which is also surprising when it comes to my writing. Always have been self conscious about my work and I still am. I just hope everyone enjoys my story.

(Ex. G at 2.)

29. Replete with fragments, run-on sentences, incorrect verb usage, lack of punctuation and sophomoric sentence construction, and particularly including the egregious misspelling of the name of one of the only two protagonists – Reed, instead of Reid – Defendant's back cover writing is precisely what one might expect from a 14 year old, but not from the author of the Infringing Work included within.  Simply, Defendant did not author the Infringing Work. She merely copied Plaintiff's Manuscript and passed it off as her own.

30. Plaintiff has not licensed or otherwise authorized Defendant to duplicate, reproduce, display, publish, distribute, sell, offer for sale, or make any use whatsoever of the Manuscript for purposes of creating the Infringing Work.

31. Defendant has acted with knowledge both that she is not the author, creator or owner of the Manuscript and that she created the Infringing Work directly therefrom. Defendant has acted with knowledge that she has obtained no rights in the Manuscript from Plaintiff.  Defendant has acted without any reasonable basis to believe that her conduct in appropriating, duplicating, registering, publishing, distributing, and selling and/or offering for sale the Infringing Work was innocent or otherwise authorized.

32. Defendant's infringement of Plaintiff's rights in the Manuscript has been willful and intentional, with knowing and purposeful disregard for, and indifference to, Plaintiff's rights; and with knowledge or the reasonably foreseeable knowledge that Defendant's conduct would harm Plaintiff's personal, business and property interests, including in this District.

THE CREEKMORE
LAW FIRM PC

33. Plaintiff has suffered a commercial and financial loss, which harm is continuing, in that she has been unable to publish and otherwise commercially distribute the Manuscript for sale and profit as a novel for young adults due to Defendant's previous and unlawful procurement of a Certificate of Copyright Registration and ISBN number for the Infringing Work in Defendant's own name.

34. Plaintiff has suffered a direct and ongoing harm to her name, reputation and credibility as an author inasmuch as Defendant has claimed authorship of the Infringing Work, and the Manuscript by extension thereto, thereby discrediting Plaintiff as its author and creator and denying to Plaintiff the ability to secure commercial publication and distribution of the Manuscript and to otherwise enjoy and make commercial advantage of her exclusive copyright in the Manuscript.

35. Plaintiff is entitled to recover her actual damages and lost profits pursuant to 17 U.S.C. § 504(b), and such other injunctive relief as is allowed under Title 17, and to recover Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

36. Plaintiff is further entitled to a declaration, pursuant to 28 U.S.C. § 2201, of her superior and exclusive copyright, title and interest in and to the Manuscript; a declaration that Defendant's own copyright registration in the Infringing Work, as evidenced by Registration Certificate No. TX 000-7748-768, is invalid, null and void as fraudulently obtained; and, further, a declaration that the copyright registration in the Infringing Work should not have issued in favor of Defendant pursuant to 17 U.S.C. §§ 409-10, and that such registration should be refused, rescinded, canceled and/or discontinued by the United States Copyright Office.

THE CREEKMORE
LAW FIRM PC

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(a) entry of judgment against Defendant, finding that she knowingly and willfully infringed Plaintiff's exclusive copyright in the Manuscript by creating, publishing, distributing, selling and/or offering to sell, and by registering a copyright in, the Infringing Work as if she were the author and creator of the same;

(b) entry of an order, pursuant to 17 U.S.C. § 503, impounding all copies of the Infringing Work as Defendant may currently have or possess, or which others may have or possess on Defendant's behalf and/or at Defendant's direction and, following such impoundment, ordering the destruction and non-replication of all copies of the Infringing Work;

(c) entry of an order, pursuant to 17 U.S.C. § 504(b), directing Defendant to pay to Plaintiff all damages suffered by Plaintiff as a result of Defendant's infringement as well as all profits and other gains realized by Defendant from the Infringing Work, and ordering that such damages be enhanced as may be allowed by law on account of the knowing, purposeful and willful nature of Defendant's infringement;

(d) entry of an order, pursuant to 17 U.S.C. § 504, declaring that Defendant holds in trust, as constructive trustee for the benefit of Plaintiff, any and all profits received by Defendant from her reproduction, distribution, display, sale or offering for sale of the Infringing Work, and requiring Defendant to provide a full and complete accounting of any and all profits received by Defendant by, through or as a result of the publication, distribution and sale of the Infringing Work;

(e) entry of an order, pursuant to 17 U.S.C. § 505, directing Defendant to pay the full

costs, including Plaintiff's reasonable attorney's fees, incurred by Plaintiff in prosecuting this

action;

(f) entry of an order allowing prejudgment interest on any award to Plaintiff running

from the date of Defendant's first act of infringement;

(g) entry of a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring Plaintiff to

have a superior and exclusive copyright, title and interest in and to the Manuscript; and

declaring that the Infringing Work is an unauthorized and unlawful infringement of Plaintiff's

copyright in the Manuscript; and declaring that Defendant's copyright registration in the

Infringing Work, as evidenced by Registration Certificate No. TX 000-7748-768, is invalid,

null and void as fraudulently obtained; and declaring that the copyright registration in the

Infringing Work should not have issued in favor of Defendant pursuant to 17 U.S.C. §§ 409-10;

and further directing the Register of Copyrights to refuse, rescind, cancel and/or discontinue

such registration; and

(h) any and all such other and additional relief as is just and proper.

A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS REQUESTED.

Respectfully submitted,

GWEN COLE

By:    /s/ James R. Creekmore
James R. Creekmore (VSB No. 36246)
Attorney for Plaintiff
The Creekmore Law Firm PC
318 N. Main Street
Blacksburg VA 24060
(540) 443-9350 (voice)
(540) 443-9350 (fax)
james@creekmorelaw.com

THE CREEKMORE
LAW FIRM PC

00170055.DOC

## VERIFICATION

**COMMONWEALTH OF VIRGINIA**

**CITY OF RICHMOND**                    to-wit:


This day personally appeared before me, Gwen Cole, Plaintiff named above on this action, and after first being duly sworn by me, does hereby declare, certify and verify, under penalty of perjury under the laws of the United States of America, and as provided by 28 U.S.C. § 1746, as follows: that she has read the foregoing Verified Complaint; that she has personal knowledge of the matters stated therein; that all factual allegations stated therein are true and correct to the best of her knowledge, information and belief; and that this matter is not being asserted for any improper purpose or motive.


Signed: _____
                Gwen Cole, Plaintiff


Date: _____10-10-17_____


Taken, subscribed and sworn before the undersigned Notary Public on this _10_ day of the month of _October_, 2017.


Notary Public: 

My commission expires: July 31, 2021



TIFFANY MARIE SERRANO
NOTARY PUBLIC 7565785
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JULY 31, 2021