UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GWEN COLE, ) | |
| ) | |
| Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-696-HEH |
| ) | |
| ANASTAZJA OZAROWSKI ) | |
| ) | |
| Defendant and Counterclaim Plaintiff. ) | |

### STIPULATION FOR ENTRY OF CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION ORDER

Plaintiff, Gwen Cole, by counsel, and Defendant Anastazja Ozarowski, *pro se* but with the advice and counsel of limited special counsel, stipulate and agree as follows:

1. This civil action seeks injunctive relief, damages and costs, including attorney's fees, for copyright infringement under the Copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, as well as a declaration of Plaintiff's exclusive copyright interest in the work at issue pursuant to 28 U.S.C. § 2201.

2. This Court has original and exclusive subject matter jurisdiction over this action and personal jurisdiction over Defendant.

3. Plaintiff is the sole and exclusive author, creator and owner of a manuscript (the "Manuscript") entitled "Windswept," which Plaintiff completed on or about May 7, 2011, with revisions made through May 21, 2012.

4. The Manuscript is the subject of Certificate of Copyright Registration No. TXu 2-027-593, issued by the United States Copyright Office with a registration date of April 11, 2017.

00173132.DOC

5. Without Plaintiff's knowledge, consent or permission, Defendant obtained a Certificate of Copyright Registration No. TX 000-7748-768, issued by the United States Copyright Office on July 17, 2013, for a substantially similar replication of the Manuscript, as Defendant's own work of authorship under the same or substantially identical name, "Windswept" (the "Disputed Work") and claiming a 2013 year of creation and a date of first publication of May 30, 2013.

6. Defendant does not admit liability related to the publication of the Disputed Work or that the allegations in the Verified Amended Complaint against her are true.

7. The evidence is sufficient to sustain a finding that Defendant created the Disputed Work by copying or otherwise reproducing Plaintiff's Manuscript and passing it off as Defendant's own creation and work of authorship, which it was not.

8. The evidence is sufficient to sustain a finding that, with knowledge that Defendant was not the owner, author or creator thereof, Defendant has published, distributed, made available for sale and sold the Disputed Work under her own name as author and creator through multiple commercial channels, including through various commercial retailers on the Internet and otherwise, and including in Virginia and this District.

9. True and accurate photographs of the front and back covers of the tangible copies of the Disputed Work, as well as the Copyright page inside the front cover, are attached to Plaintiff's Verified Complaint as Ex. G.

10. The tangible and digital versions of the Disputed Work reflect a most recent Revision Date of March 27, 2017.

11. Plaintiff has not licensed or otherwise authorized Defendant to duplicate, reproduce, display, publish, distribute, sell, offer for sale, or make any use whatsoever of the Manuscript for purposes of creating the Disputed Work.

12. The evidence is sufficient to sustain a finding that Defendant has acted with knowledge both that she is not the author, creator or owner of the Manuscript and that she created the Disputed Work directly therefrom. Defendant has acted with knowledge that she has obtained no rights in the Manuscript from Plaintiff. The evidence is sufficient to sustain a finding that Defendant has acted without any reasonable basis to believe that her conduct in appropriating, duplicating, registering, publishing, distributing, and selling and/or offering for sale the Disputed Work was innocent or otherwise authorized.

13. The evidence is sufficient to sustain a finding that Defendant's infringement of Plaintiff's rights in the Manuscript has been willful and intentional, with knowing and purposeful disregard for, and indifference to, Plaintiff's rights; and with knowledge or the reasonably foreseeable knowledge that Defendant's conduct would harm Plaintiff's personal, business and property interests, including in this District.

14. The evidence is sufficient to sustain a finding that Plaintiff has suffered a commercial and financial loss, which harm is continuing, in that she has been unable to publish and otherwise commercially distribute the Manuscript for sale and profit as a novel for young adults due to Defendant's previous and unlawful procurement of a Certificate of Copyright Registration and ISBN number for the Disputed Work in Defendant's own name.

15. The evidence is sufficient to sustain a finding that Plaintiff has suffered a direct and ongoing harm to her name, reputation and credibility as an author inasmuch as Defendant has claimed authorship of the Disputed Work, and the Manuscript by extension thereto, thereby

discrediting Plaintiff as its author and creator and denying to Plaintiff the ability to secure commercial publication and distribution of the Manuscript and to otherwise enjoy and make commercial advantage of her exclusive copyright in the Manuscript.

NOW, THEREFORE, upon the Parties' stipulation and findings of fact, above, and with their joint consent to entry of this Final Judgment and Permanent Injunction Order,

IT HEREBY IS ORDERED that:

(a) Judgment is entered herein in favor of Plaintiff against Defendant on all primary claims brought by Plaintiff in her Verified Complaint and as to any counterclaim(s) Defendant included within her Answer to that Verified Complaint, the Court finding that Defendant knowingly and willfully infringed Plaintiff's exclusive copyright in the Manuscript by creating, publishing, distributing, selling and/or offering to sell, and by registering a copyright in, the Disputed Work as if she were the author and creator of the same;

(b) Pursuant to 17 U.S.C. § 503, Defendant must seize, retrieve and recall all copies of the Disputed Work as Defendant may currently have or possess, or which others may have or possess on Defendant's behalf and/or at Defendant's direction, and must produce, provide and deliver all of the same to counsel for Plaintiff by not later than twenty-one (21) calendar days following entry of this Stipulation;

(c) Pursuant to 17 U.S.C. § 504, Defendant shall make a full and complete accounting to Plaintiff by not later than twenty-one (21) calendar days following entry of this Stipulation of all profits received by Defendant by, through or as a result of the publication, distribution and sale of the Disputed Work; and

(d) Pursuant to 28 U.S.C. § 2201, upon a finding that (i) Plaintiff has the superior and exclusive copyright, title and interest in and to the Manuscript; and (ii) the Disputed Work is an

unauthorized and unlawful infringement of Plaintiff's copyright in the Manuscript; (iii) Defendant's copyright registration in the Disputed Work, as evidenced by Registration Certificate No. TX 000-7748-768, is invalid, null and void as fraudulently obtained; and (iv) that the copyright registration in the Disputed Work should not have issued in favor of Defendant pursuant to 17 U.S.C. §§ 409-10; the Court hereby

 (i) DIRECTS the Clerk of Court to provide a certified copy of this Consent Final Judgment and Permanent Injunction Order to the Register of Copyrights at the U.S. Copyright Office, and further

 (ii) DIRECTS the Register of Copyrights to refuse, rescind, cancel and/or discontinue Defendant's copyright registration in the Disputed Work, as evidenced by Registration Certificate No. TX 000-7748-768, and to certify to this Court and the Parties that the same has been done.

WHEREFORE, all matters in controversy between the Parties having been fully and finally adjudicated and resolved hereby, it is further ORDERED that this action is DISMISSED WITH PREJUDICE.

 Entered this _____ day of April, 2018.

_____
The Honorable Henry E. Hudson
United States District Judge

00173132.DOC

WE ASK FOR THIS JOINTLY:

GWEN COLE,

   By: /s/ James R. Creekmore

      James R. Creekmore (VSB No. 36246)
      Attorney for Plaintiff
      The Creekmore Law Firm PC
      318 N. Main Street
      Blacksburg VA 24060
      (540) 443-9350 (voice)
      (540) 443-9350 (fax)
      james@creekmorelaw.com


ANASTAZJA OZAROWSKI, *pro se*

   By: /s/ Anastazja Ozarowski

      Ms. Anastazja Ozarowski
      110 West 4th Street
      Clifton, NJ 07011
      E-mail: anastazjaozarowski@yahoo.com